UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Deborah Mullen and
William Mullen,

                              Plaintiffs,

                                                              **Hon. Hugh B. Scott**

                                                                   07CV697A

                                                                    **Report**
                                                                      **&**
                   v.                                          **Recommendation**

Bobcat Company, Inc.,
Buffalo Bobcat, Inc.,
Comer Industries, Inc.,
Comer Industries, SPA,

                              Defendants.

        Before the court is the plaintiff's motion to remand this case to the state court (Docket

No. 12).

                                      **Background**

        The plaintiffs, Deborah Mullen ("Mullen") and William Mullen[1] commenced this action

in New York State court alleging that she suffered a personal injury while operating a "Toolcat

Utility Work Machine on March 26, 2004. (Complaint at ¶12).   Mullen asserts that the machine

was sold, manufactured and/or distributed by the defendants.  Named as defendants are Bobcat

---

[1]  William Mullen asserts a loss of consortium claim due to the personal injuries suffered
by Deborah Mullen. (Complaint at ¶¶ 43-44).

1

Company, Inc. ("Bobcat"), Buffalo Bobcat, Inc. ("Buffalo Bobcat"), Comer Industries, Inc.

("Comer"), and Comer Industries, SPA ("Comer SPA").   According to the Complaint, Bobcat is

a foreign corporation authorized to due business in New York and has its principal place of

business in West Fargo, North Dakota  (Complaint at ¶ 2).  Buffalo Bobcat is alleged to be a New

York corporation with a principal place of business in Lockport, New York (Complaint at ¶3).

Comer and Comer SPA are alleged to be  foreign corporations authorized to do business in New

York with a principal place of business located in Charlotte, North Carolina. (Complaint at ¶¶ 4-

5).

Bobcat removed the case to federal court based on diversity jurisdiction pursuant to 28

U.S.C. §1332 on October 19, 2007.  At that time, Comer and Bobcat had both filed answers in

the state court proceeding, April 23, 2007 and May 29, 2007 respectively. (Docket No. 12 at ¶¶

9-10).  The plaintiff asserts that both Comer SPA and Buffalo Bobcat are in default.[2]   Bobcat

asserts that it is an unincorporated business unit of The Clark Equipment Co. ("Clark"), which is

incorporated in Delaware and has its headquarters in Montvale, New Jersey.  (Docket No. 1 at ¶

10).  According to Bobcat, Buffalo Bobcat was a New York corporation but was dissolved in

1993.  (Docket No. 1 at ¶ 7). Bobcat asserts that because Buffalo Bobcat was dissolved, Buffalo

Bobcat's citizenship is irrelevant for purposes of diversity jurisdiction.  In the alternative, Bobcat

asserts that Buffalo Bobcat was fraudulently joined.  (Docket No. 1 at ¶ 7).   Aside from Buffalo

Bobcat, it appears undisputed that no other named defendant is alleged to be a New York

resident, as are the plaintiffs.

---

[2]   Although immaterial to the instant motion, Bobcat alleges that Comer SPA is an Italian
corporation which is not authorized to do business in the State of New York and that the plaintiff
failed to effectuate proper service upon that entity. (Docket No. 19 at ¶ 7).

Michael T. Freeley, Esq., filed an affidavit in the state court action as counsel for John R. Freundschuh, Inc. d/b/a Bobcat of Buffalo ("Freundschuh") stating that the plaintiff's claim allegedly arose from the use of a Toolcat Utility Work Machine purportedly purchased from Freundschuh (Docket No. 1-3 at ¶¶3).  It appears that the plaintiff incorrectly named Buffalo Bobcat as a defendant in the Complaint instead of Freundschuh (Docket No. 1-3 at ¶ 1). Freundschuh asserts that it first received notice regarding the plaintiff's claim from correspondence dated August 28, 2007 and that Freundschuh was not served with a summons and complaint until August 30, 2007 (Docket No. 1-3 at ¶ 4).[3]  Freundschuh contends that it was not timely served within the applicable statute of limitations. (Docket No. 1-3 at ¶¶ 11-12). Thus, on September 21, 2007, Freundschuh filed a motion in the state court seeking dismissal of the complaint on behalf of "John R. Freundschuh, Inc. d/b/a Bobcat of Buffalo" for lack of personal jurisdiction.  (Docket No. 12-2, Exhibit M).  Prior to briefing or argument in the state court with respect to the motion to dismiss, Bobcat removed the case to federal court.

The plaintiffs seek to remand this case to the state court.

---

[3]   According to Freundschuh, Buffalo Bobcat was formed on October 27, 1975 and dissolved on September 29, 1993; and had an address for the forwarding of process by the Secretary of State at 510 Niagara Frontier Building, Buffalo, New York. (Docket No. 1-3 at ¶ 8). Freundschuh alleges that the affidavit of service with respect to Buffalo Bobcat reflects that service was made upon the Secretary of State (Docket No. 1-3 at ¶ ¶ 6-7) which was forwarded by the Secretary of State to 510 Niagara Frontier Building, Buffalo, New York.  Freundschuh states that it was formed on October 14, 1998 and has an address for the service of process at 6511 South Transit Road, Lockport, New York. (Docket No. 1-3 at ¶ 9).

**Discussion**

The plaintiff asserts that complete diversity is lacking in this case, and thus, the matter should be remanded to state court.  In support of this position, the plaintiff argues that both Buffalo Bobcat and Freundschuh are New York corporations. (Docket No. 12 at ¶ 22).  The plaintiff does not appear to dispute the fact that Buffalo Bobcat was dissolved in 1993.  However, the plaintiff asserts that under §2001 of the New York State Civil Practice Law and Rules ("C.P.L.R."), a mistake may be corrected if a substantial right of a party is not prejudiced. (Docket No. 12 at ¶ 34).  Further, the plaintiff points to §305(c) of the C.P.L.R. which provides for the amendment of the caption of a pleading to reflect the correct name of an existing defendant (but not to add a new defendant) "only where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought." (Docket No. 12 at ¶ 43)(Citations omitted).

Under 28 U.S.C. § 1332(a), this court has original jurisdiction over all civil actions where there is diversity of citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  It is well-established that such jurisdiction is proper only when there is "complete diversity," which does not exist if any plaintiff is a citizen of the same state of any defendant. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 88 (2d Cir.2005).  The party seeking to invoke the subject matter jurisdiction of the district court must demonstrate by a preponderance of the evidence that there is subject matter jurisdiction.  Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir.1996); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir.2005). When the party seeking remand

4

challenges the jurisdictional predicate for removal, the removing party bears the burden of establishing its right to a federal forum by "competent proof." Ehrenspeck v. Spear. Leeds & Kellogg, 389 F.Supp.2d 485, 488 (S.D.N.Y.2005) (quoting R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979)). If the removing party fails to meet this burden, the action will be remanded to the state court from which it was removed. See Hill v. Delta Intern. Mach. Corp., 386 F.Supp.2d 427, 429 (S.D.N.Y.2005).

In the instant case, the defendants have established by a preponderance of the evidence that complete diversity exists in this case. The unrefuted evidence in the record establishes that Buffalo Bobcat was dissolved in 1993. Thus, this entity cannot serve as the basis to defeat diversity jurisdiction.[4]  The Court notes that Fruendshuh has not been named as a defendant in the complaint in this case. The plaintiff has not made a motion to amend the complaint or to amend the caption. Further, the plaintiff does not appear to dispute Freundschuh's allegations that it was not served with notice or a summons and complaint regarding the plaintiff's injury until August 2007 – more than three years from the date of the plaintiff's injury. The plaintiff has not articulated a basis to toll the applicable statute of limitations as against Freundschuh. Although the plaintiff points to C.P.L.R. §305(c), the plaintiff acknowledges that the provision only applies where there is evidence that the correct defendant has in fact been properly served. (Docket No. 12 at ¶ 43). The Court cannot overlook the misnomer of a party where the Court has not obtained personal jurisdiction over the intended but misnamed defendant. McGee v. Bels

---

[4]  Although there are cases which hold that a defunct corporation can be sued in New York, those cases appear to involve claims that arose during the lifetime of the defunct corporation. See i.e. Murray v. Miner, 74 F.3d 402 (2d. Cir. 1996); Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, (2d. Cir. 1991). The plaintiff has not articulated a basis upon which a claim can be asserted against Buffalo Bobcat in this matter.

Supermarket, et al., 177 A.D.2d 975 (4th Dept. 1991).  The attempted service upon Buffalo

Bobcat, via the New York Secretary of State, does not work to effectuate service upon

Freundschuh.  Guarino v. West Put Contracting Co., 289 A.D.2d 290, 734 N.Y.S.2d 499 (2d

Dept. 2001).  The plaintiff has not articulated a basis to find that Freundschuh has been properly

served in this matter as required to take advantage of  C.P.L.R. 305(c).  Similarly, it does not

appear that the plaintiff can utilize C.P.L.R. § 2001 to add a new defendant to an action who was

not served within the applicable statute of limitations.  In short, this is not a case where the

plaintiff merely misspelled the name of an otherwise properly served defendant.[5]

The plaintiff also argues that "[e]ven though there may be complete diversity the courts in

the Second Circuit have imposed a non-statutory requirement that removal is not permitted

unless all defendants consent in writing." (Docket No. 12 at ¶ 46).  The plaintiff contends that

because Buffalo Bobcat has not consented to the removal in writing, the case should be

remanded to the state court.  Inasmuch as Buffalo Bobcat has been dissolved for more than 15

years, complete diversity cannot be defeated based upon a failure to obtain a written document

from this non-existent entity.  Similarly, Comer SPA  has not appeared in either the state or

federal court with respect to this matter apparently based upon the assertion that it has not been

properly served. Under such circumstances, the failure to obtain written consent from Comer

---

[5]  It does not appear that the Court must make an express ruling with respect to the
motion to dismiss filed by Fruendschuh in the state court.  No such motion is pending before this
court.  However, complete diversity exists inasmuch as  Fruendschuh is not currently a named
party in the instant action and the plaintiff does not appear to dispute the fact that Fruendschuh
was served outside the applicable statute of limitations with a summons and complaint that does
not name Freundschuh as a defendant.  Similarly, there is no motion pending before the Court as
to the sufficiency of service made upon Comer SPA.

SPA does not defeat diversity jurisdiction.

## Conclusion

Based on the above, it is recommended that the motion to remand this matter to the state court be denied. **The parties are to appear for a scheduling conference in this matter on September 9, 2008 at 2:00 p.m. before the undersigned.**

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to

consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott

United States Magistrate Judge
Western District of New York

Buffalo, New York
August 12, 2008